Joseph R. JULIAN and JJID, Inc.,
Plaintiffs Below, Appellants,

v.

DELAWARE DEPARTMENT OF
TRANSPORTATION, Defendant
Below, Appellee.

No. 31, 2012.

Supreme Court of Delaware.

Submitted: Aug. 15, 2012.
Decided: Sept. 28, 2012.
Amended: Sept. 28, 2012.

James S. Green, Sr., Esquire and Jared T. Green, Esquire (argued), Seitz, Van Ogtrop & Green, P.A., Wilmington, Delaware for Appellants.

Frederick H. Schranck Esquire (argued), Department of Justice, Wilmington, Delaware for Appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

BERGER, Justice:

In this appeal, we consider whether a contractor's bid was responsive to the Delaware Department of Transportation's (DelDOT) Request for Proposals (RFP). The contractor's bid did not include required paint certifications. In addition, the bid reflected the contractor's plan to use new steel beams, rather than refurbish the existing ones, as required by the RFP. The contractor chose to submit a bid that did not conform to the project specifications. It did so at its own risk. DelDOT's decision that the bid was non-responsive was not arbitrary or capricious. Accordingly, we affirm the trial court's entry of summary judgment in DelDOT's favor.

## Factual and Procedural Background

During the summer and fall of 2011, DelDOT sought bids for its Contract, No. T200751201.01, which was part of a joint project with Amtrak. Among the provisions in DelDOT's RFP was a requirement that all bidders submit, with their bids, proof of certain paint certifications[1] for the "hazardous" work of cleaning and painting the existing steel beams for the railroad bridge over Little Mill Creek.[2] The RFP listed the paint certifications requirement twice. The section entitled "Prospective Bidders Notes," which starts on the first page of the bid package, states:

> 5. The following documentation **must be submitted with the Bid.** If this documentation is not submitted with the bid, the bid will be considered *Non-responsive.*
>
> Proof is required that the Prime Contractor, if he/she is performing the cleaning/painting operation, and any cleaning/painting Subcontractors are certified by the Steel Structures Painting Council (SSPC) Painting Contractor Certification Program (PCCP) QP–1 and QP–2. Such certification shall be for the duration of the project.[3]

The same notice is included in Special Provision 605533, under the heading "SPECIAL NOTICE TO CONTRACTORS."[4]

DelDOT held a mandatory pre-bid meeting on August 31, 2011. At the meeting DelDOT reminded all attendees, including the representative from JJID, Inc., that the existing beams were to be rehabilitated, cleaned, and painted. JJID submitted its bid on November 3, 2011, and was the low bidder at $6,697,790. But JJID did not include the required paint certifications with its bid.

The next day, DelDOT faxed JJID a letter advising that its bid was irregular because JJID did not submit the paint certifications. JJID responded by letter, and explained that it did not provide paint certifications because it planned to replace the steel beams, rather than refurbish them. A few days later, JJID sent the paint certifications with a letter stating that it would perform per the contract specifications with no change in price.

On November 15, 2011, James H. Hoagland, DelDOT's Contract Services Administrator, notified JJID that its bid was rejected. Hoagland stated that the bid was irregular, and non-responsive, because of non-compliance with a material requirement of the RFP—submission of the paint certifications. In addition, Hoagland noted that JJID did not bid the project as per the RFP because JJID substituted new steel for the repair and repainting of existing steel. DelDOT advised JJID that it would be contacting the provider of the next highest bid.

On November 23, 2011, Joseph R. Julian and JJID filed suit in the Court of Chancery seeking, among other things, a temporary restraining order preventing DelDOT from awarding the contract to any other bidder. The trial court did not rule on the motion. Instead, the parties agreed to an expedited schedule, and filed cross motions for summary judgment. The trial court granted DelDOT's motion, finding that JJID's bid was non-responsive for failing to provide the painting certifications, and for failing to bid on the refurbishment of the steel girders. This appeal followed.

---

1. SSPC certifications were required. SSPC is Steel Structures Painting Council, which establishes standards for construction activity.

2. Appellee's Appendix, B–104.

3. Appellee's Appendix, B102 (Emphasis in original).

4. Appellee's Appendix, B110.

## Discussion

Delaware's procurement statutes have two purposes. First, the laws are designed to "[c]reate a more efficient ... process to better enable the State to obtain the highest quality goods, materials and services at the best possible price...."[5] Competitive bidding accomplishes that purpose. Second, the statutes are intended to assure "fair and equitable treatment" for all bidders.[6] For the process to work fairly, "all bidders must bid upon the same thing and upon substantially the same terms."[7] Bids must be deemed "responsive" to be considered.[8] A responsive bid is one that, "conform[s] in all material respects to the requirements and criteria set forth in the contract plans and specifications."[9] The agency has "broad discretion" in determining whether a bid is responsive. Its decision will not be overturned unless it was arbitrary or capricious.[10]

JJID argues that DelDOT's decision to reject its bid was arbitrary and capricious. It contends that the failure to include paint certifications did not give JJID any competitive advantage. Moreover, it did submit the required paint certifications within days of the bid closing. Because JJID's bid was almost $700,000 lower than the next lowest bid, DelDOT should have waived its requirement that the paint certifications be submitted with the bid.

JJID's position would be stronger if the lack of paint certifications were the only non-responsive aspect of its bid. If the paint certifications had been omitted inadvertently, and if they were provided promptly, perhaps DelDOT should have waived its requirement that they be submitted with the bid. But JJID's bid was non-responsive in a material way—it did not comply with the construction plans. DelDOT required that the steel beams supporting the Mill Creek railroad bridge be stripped, repainted and reused. DelDOT had discussed the use of new steel with Amtrak officials before the RFP was issued. The parties had agreed to reuse the existing steel because: 1) new bridge components would have to conform to more stringent loading requirements; and 2) the new bridge design would alter the track profile, thereby increasing potential flooding problems.[11]

JJID apparently decided that it would be easier, and more economical to use new steel. JJID may not have known DelDOT's reason for reusing the existing steel, and it may have believed that using new steel would be a better way to reconstruct the Mill Creek bridge. But JJID did not discuss its proposed change with DelDOT. Instead, it knowingly submitted a bid that did not conform to the RFP construction plans. Under these circumstances, DelDOT acted within its discretion in rejecting JJID's bid as non-responsive.

## Conclusion

Based on the foregoing, the Chancery Court's judgment in favor of DelDOT is affirmed. It is so ordered.

**5.** 29 *Del. C.* § 6901(1).

**6.** 29 *Del. C.* § 6901(2).

**7.** *Bader v. Sharp,* 125 A.2d 499, 500–01 (Del. 1955).

**8.** 29 *Del. C.* § 6962(d)(13)(a).

**9.** *Ibid.*

**10.** *Bader v. Sharp,* 125 A.2d at 502.

**11.** Appellee's Appendix, B–152–53.